IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02610-GPG

IVAN ARREGUIN-GRIMALDO,

     Plaintiff,

v.

UNITED STATES CORRECTIONS (Individually and Officially),
DEAN TAMBASIO (Individually and Officially),
DAVID HAMPTON (Individually and Officially), and
JOHN DOE SUPERVISOR (Individually and Officially),

     Defendants.

---

## ORDER TRANSFERRING CASE

---

     Plaintiff, Ivan Arreguin-Grimaldo, is a prisoner in the custody of the Colorado Department of Corrections.   Mr. Arreguin-Grimaldo has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been violated.   He also asserts supplemental jurisdiction over state law tort claims.

     The court must construe the Prisoner Complaint liberally because Mr. Arreguin-Grimaldo is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

     Mr. Arreguin-Grimaldo claims his rights were violated in August 2015 when he was transported to Colorado in extreme heat in a prisoner transport van that lacked air conditioning.   According to Mr. Arreguin-Grimaldo, the four-day trip began in Arizona and he passed through New Mexico and Texas on his way to Colorado.   With respect to the

portion of the trip that took place in Colorado, he alleges only that "[f]rom Santa Rosa,

New Mexico, we journeyed to Colorado where the Plaintiff [and four other prisoners] were

dropped off."   (ECF No. 1 at 7.)   Mr. Arreguin-Grimaldo provides the same address in

Charlotte, North Carolina, for each Defendant.

On December 3, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr.

Arreguin-Grimaldo to show cause why this action should not be dismissed for improper

venue.   The general federal venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   If venue is not proper, the Court may cure the defect *sua sponte*

pursuant to 28 U.S.C. § 1406(a).   *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir.

2006).   Section 1406(a) provides that "[t]he district court of a district in which is filed a

case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought."

On December 21, 2015, Mr. Arreguin-Grimaldo filed his response to Magistrate

Judge Gallagher's show cause order asking that this action be transferred to an

appropriate federal court in North Carolina.

It appears that this case could have been brought in the United States District

Court for the Western District of North Carolina, the judicial district in which Charlotte,

North Carolina, is located.   *See* 28 U.S.C. § 113(c).   The Court also finds that it would

be in the interest of justice to transfer this case to the Western District of North Carolina

rather than to dismiss it.   Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States

District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this ___11th___ day of ____January_____, 2016.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3